

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-3-2007

# USA v. Watson

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1573

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Watson" (2007). *2007 Decisions.* Paper 628.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/628

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-1573

UNITED STATES OF AMERICA

v.

MARK WATSON,
a/k/a Mark Smith,
a/k/a Anthony Smith,
                                    Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 02-cr-00426-1)
District Judge:  Honorable John R. Padova

Submitted Under Third Circuit LAR 34.1(a)
July 12, 2007

Before:  RENDELL, AMBRO and NYGAARD, Circuit Judges.

(Filed August 3, 2007)

OPINION OF THE COURT

RENDELL, *Circuit Judge.*

Mark Watson seeks to appeal his conviction following a jury trial for attempted

possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1).

Watson's counsel has filed an *Anders* brief in which he states that there are no non-

frivolous grounds for appeal. Watson has also filed a pro se brief stating four grounds for appeal. We agree with counsel that there are no non-frivolous grounds for appeal and will affirm.

I.

On June 18, 2002, a package was mailed by express mail from the United States Post Office in Los Angeles, California to Philadelphia, Pennsylvania. The package was mailed in a Eureka vacuum cleaner box and addressed to Mimie Bethay, 1206 Wycombe Avenue, Darby, PA 19023. Surveillance photographs purportedly show that the individual who mailed the package resembles Watson and the government argued at trial that this individual was Watson.

On June 19, 2002, United States Postal Inspector Walter J. Nowelski received a telephone call from a Postal Police Officer in Los Angeles named Norbert Jaworski alerting him of the presence of the suspicious vacuum package. Officer Jaworski deemed the package suspicious because, while it was the typical size of a Eureka vacuum box, the box weighed more than the manufacturer indicated that it should and the return address on the package was incorrect. The Philadelphia post office was notified that the suspicious package was on its way.

In Philadelphia, Inspector Cosenza seized the package without a warrant and took it to 30th Street Station. Cosenza kept the package unopened in his 30th Street office while he contacted the Philadelphia Police so that they could conduct a dog sniff of the package. After the dog's reaction indicated that narcotics were present in the package, the officers

2

obtained a search warrant and searched the package. The officers found one kilogram of cocaine packed inside the vacuum bag of the vacuum cleaner contained in the package. Based on these findings, the Postal Inspectors obtained a court order allowing them to insert a transponder into the parcel. The inspectors also obtained an anticipatory search warrant for the residence to which the package was addressed, 1206 Wycombe Avenue, Darby, PA 19023. The inspectors replaced the cocaine with a substitute substance and inserted a transponder into the parcel before conducting a controlled delivery to Mimie Bethay on June 20, 2002.

After Bethay received the package, officers observed her place it in the trunk of her car and drive to Strictly Beauty Supply Co. at 2758 Bethal Road, Chester, PA. At the store, Bethay met with Mark Watson, who then drove Bethay's car to 1451 Rainer Road, Brookhaven, PA. Watson took the package into the residence, and after he entered the residence, the transponder alerted the officers that the package had been opened. The officers then forced entry, arrested Watson, and seized evidence.

After a jury trial, Watson was convicted of attempted possession of a controlled substance with intent to distribute pursuant to 18 U.S.C. § 841(a)(1). He was sentenced to 120 months' imprisonment, 8 years' supervised release, and a $35,000 fine. Watson now appeals.

II.

On September 13, 2005, Watson's counsel filed a brief, pursuant to *Anders v. California*, 386 U.S. 738 (1967), claiming that there are no non-frivolous grounds for

3

appeal, and asking the court to allow him to withdraw as counsel. "If the court is satisfied that counsel has diligently investigated the possible grounds of appeal, and agrees with counsel's evaluation of the case, then leave to withdraw may be allowed and leave to appeal may be denied." *Anders*, 386 U.S. at 741-742.

To determine the adequacy of counsel's brief, the court takes into account whether counsel has demonstrated to the court that he has thoroughly examined the record for appealable issues and demonstrated to the court that the issues are frivolous. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). Although counsel's *Anders* brief is tersely worded and contains numerous spelling and typographical errors, it indicates that he thoroughly reviewed the record and has raised the only possible ground for appeal. Counsel states that the only possible basis for appeal would be to challenge the District Court's denial of Watson's motion to suppress the drugs found in Watson's home. However, he concludes that there is no basis to challenge the search given that the District Court found credible the police officers' testimony that the search of the home occurred after a search warrant was issued for the premises and found that the warrant was issued based on probable cause. We are satisfied that counsel's *Anders* brief is adequate.

When an *Anders* brief appears adequate on its face, the court's independent examination of the record is to be guided by the *Anders* brief itself. *Youla*, 241 F.3d at 301. We agree with counsel that there is no basis to challenge the District Court's denial of Watson's motion to suppress the evidence found in Watson's home.

4

III.

Watson has filed a pro se brief in which he raises four grounds for appeal: (1) that the District Court erred in denying his motion to dismiss for lack of subject matter jurisdiction; (2) that the District Court erred in refusing to permit him to testify after the close of evidence; (3) that the District Court erred in denying his pro se motion to suppress the statements of Mimie Bethay made after officers entered her place of business; and (4) that the government made improper comments during its closing argument. We find each of these arguments to be without merit.

Watson's first challenge, that the District Court erred in denying his motion to dismiss for lack of subject matter jurisdiction, is frivolous. He argues that the District Court lacked jurisdiction over this action because the government had no standing to bring the suit. The government, Watson argues, lacked standing because it failed to establish (1) that it was injured; (2) a causal connection between any alleged injury and Watson's actions; and (3) that the alleged injury would be remedied by a favorable decision. This is a frivolous claim. Congress extended to the United States District Courts "original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231.

Watson's second argument, that the District Court erred in refusing to permit him to testify after the close of evidence, is also frivolous. We review for abuse of discretion a district court's denial of a defendant's request to testify that is made after the judge has begun charging the jury. *See Morris v. Slappy*, 461 U.S. 1, 13 n.5 (1983). "The right to

5

testify must be exercised at the evidence-taking stage of trial. Once the evidence has been closed, whether to reopen for submission of additional testimony is a matter left to the trial court's discretion." *United States v. Jones*, 880 F.2d 55, 59 (8th Cir. 1989). At the close of the evidence, the District Court asked Watson and his counsel whether Watson would be testifying and expressly asked Watson if he understood his rights and if he had discussed them fully with his attorney. App. 65-66. Taking the advice of his counsel, Watson declined to testify. Although Watson's brief cites many cases that express the importance of a defendant's right to testify, none of these cases deal with a defendant who decided not to testify and then changed his mind. Watson's request to testify occurred after the parties had rested, closing arguments had been presented, and the Court was in the process of charging the jury. Supp. App. 64-80. Under these circumstances, the District Court did not abuse its discretion by denying Watson's request to reopen in order for him to testify.

Watson's third ground for appeal is that the District Court erred in denying his pro se motion to suppress the statements of Mimie Bethay made after government agents entered her place of business. Watson claims that the warrantless entry of the business premises violated his Fourth Amendment rights because the store was closed for "inventory purposes." However, District Court found credible the police officer's testimony that Bethay's place of business was open when the officers entered. Accordingly, the District Court found that Bethay had no reasonable expectation of privacy because the officers entered the public store where she was working through

6

unlocked doors, during regular business hours. *See Maryland v. Macon*, 472 U.S. 463, 469 (1985) (finding that there is no reasonable expectation of privacy in areas of a business where the public is invited to enter and to transact business). Watson did not present any credible evidence that the store was in fact closed when officers entered. We review the District Court's factual findings clear error, *United States v. Weaver*, 267 F.3d 231, 235 (3d Cir. 2001), and find no error in the Court's finding that the store was open. Because there is no reasonable expectation of privacy in this circumstance, the District Court did not err in denying Watson's motion to suppress Bethay's statements.

Watson's final argument is that his conviction should be overturned because the prosecutor committed misconduct by improperly relying upon the prosecutor's own personal opinion and on facts not adduced at trial in his closing statement. Since Watson's counsel made no objection to these statements, we review Watson's claim of prosecutorial misconduct for plain error. *United States v. Lore*, 430 F.3d 190, 210 (3d Cir. 2005). Watson argues that the prosecutor committed misconduct by identifying Watson as the person in the surveillance tape sending the vacuum box. However, there is no indication that the prosecutor referred to anything outside the record or expressed any personal opinions to the jury when he argued in closing that Watson was the person who mailed the box. The surveillance tape had been played for the jury and discussed in front of the jury. As such, it was not improper for the prosecutor to argue as to its meaning during his closing argument.

7

IV.

For the reasons stated above, we will affirm the judgment of the District Court and grant counsel's motion to withdraw.